UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

JOSEPH SAVOY       *    CIVIL ACTION NO:  DIV:
             *
v.              *    JUDGE

LT. COL. DOUGLAS STROUGHTER; and    MAGISTRATE JUDGE
SERGEANT HAVER DURR      *
*************************************************************************

**COMPLAINT FOR DAMAGES**

NOW INTO COURT, through undersigned counsel, comes **JOSEPH SAVOY** for all injuries incurred as a result of the actions of defendants in deliberate indifference to constitutional rights or other causes as follows:

1.

**JURISDICTION**

The jurisdiction of this Honorable Court is invoked Pursuant to 28 USC § 1331 "Federal Question" and accordingly plaintiff specifically seeks relief pursuant to the 28 USC § 1983, et seq., for injuries, damages and other losses as well as supplemental jurisdiction pursuant to 28 USC § 1367 over all state law claims. All administrative remedies were exhausted through Second Step issued on January 29, 2018, in DCI-2017-767.

2.

**VENUE**

Venue is proper pursuant to 28 USC § 1391 (b)(D(2) in that the Plaintiff and Defendants reside and were located in East Feliciana Parish at the time of the incident and the events or omissions giving rise to the claims herein occurred at DCI which is within this judicial district.

3.

**EXHAUSTION**

The incident took place on July 31, 2017. All Administrative Remedies were exhausted through Second Step issued in DCI 2017-767 on January 29, 2018.

4.

PARTIES

**PLAINTIFF:**

**JOSEPH SAVOY** is a major who is currently incarcerated in the Dixon Correctional Institute, DOC #270087, and who was incarcerated at the Dixon Correctional Institute where he was attacked and injured.

**DEFENDANTS:**

**Lt. Col. DOUGLAS STROUGHTER**, is a major, who is employed by the Dixon Correctional Institute and who was acting within the course and scope of his employment during all material times herein and under the color of state law and who is amenable to service of process through Rhonda Weldon, Department of Public Safety and Corrections, 504 Mayflower Street, Baton Rouge, Louisiana 70802.

**SERGEANT HAVER DURR**, is a major, who is employed by the Dixon Correctional Institute and who was acting within the course and scope of her employment during all material times herein and under the color of state law, who is amenable to service of summons personal or in her absence on any employee of suitable age and discernment at Dixon Correctional Institute.

5.

GENERAL ALLEGATIONS

On July 31, 2017, JOSEPH SAVOY was a DOC inmate housed at the DCI.

6.

On July 31, 2017, Lt. Col. Douglas Stroughter and Sgt. Dunn were Department of Corrections' employees under the color of state law and in the course and scope of their employment at all times that they were in contact with JOSEPH SAVOY.

7.

JOSEPH SAVOY was involved in a federal court matter during which certain

Department of Corrections former correctional officers were being tried on civil rights violations some of whom pled guilty and others who were going to trial. One of whom, Major Davis, was found guilty for four (4) federal charges.

8.

By filing complaints and a lawsuit against those Louisiana State Penitentiary prison guards and assisting with prosecution of those defendants, JOSEPH SAVOY was exercising his First Amendment and Fourteenth Amendment rights.

9.

Lt. Col. Douglas Stroughter expressed that he did not believe the correctional officers should have been held responsible for beating an inmate. He expressed his anger of the prosecution of the correctional officers for having beaten JOSEPH SAVOY and he made it clear he held a grudge against JOSEPH SAVOY.  The actions taken on July 31, 2017, against JOSEPH SAVOY taken were in retaliation.

10.

On July 31, 2017, around 11:30 a.m. JOSEPH SAVOY and Paul Felix DOC 183625 were talking in the hallway in front of the Major's Office.

11.

Sgt. Durr was passing by going to the Major's Office .  When Sgt., Durr reached the Major's Office, JOSEPH SAVOY heard her tell Lt. Col. Douglas Stroughter, "Let's beat JOSEPH SAVOY like they did him at Angola."

12.

Lt. Col. Stroughter approached JOSEPH SAVOY, who was setting in his wheel chair and stated, "Shut the F@#$% up you nigger slave before me and Sgt. Durr brutalize and kill you here at DCI!"  JOSEPH SAVOY immediately was in fear of his safety.

13.

JOSEPH SAVOY responded, "If you beat me in my wheelchair the video camera

will record it."

14.

Lt. Col. Stroughter then pushed JOSEPH SAVOY in his chest.  JOSEPH SAVOY attempted to block Lt. Col. Stroughter's hands, but at the moment, Lt. Col. Stroughter flipped JOSEPH SAVOY out of his wheel chair.

15.

JOSEPH SAVOY flipped out of the wheel chair and struck his head against the wall and his back struck the floor. The iron/steel wheelchair was used by Lt. Col. Stroughter as a dangerous object with which Lt. Col. Stroughter caused the serious injuries to JOSEPH SAVOY.

16.

Lt. Co. Stroughter began punching JOSEPH SAVOY multiple times in his face and head while Sgt. Durr stomped her foot to pen JOSEPH SAVOY'S head to the floor.

17.

JOSEPH SAVOY did not resist.  His left arm was in the arm sling form having a broken left shoulder bone.

18.

JOSEPH SAVOY stated to Lt. Col. Stroughter that he had arthritis in his lower spine and a broken left shoulder bone.  LT. Col. Stroughter continued to use force by stomping his feet on JOSEPH SAVOY's back and then on JOSEPH SAVOY's broken left shoulder, while JOSEPH SAVOY was fully restrained with his hands handcuffed behind his back while housed on Unite 2 at DCI.

19.

Photos were later taken of JOSEPH SAVOY's injuries at the infirmary by the investigator Ms. Tate.  The doctor ordered x-rays and pain medication.

20.

JOSEPH SAVOY made a written request that the video camera footage from Unit Two pill call area hallway in front of the Major's Office on July 31, 2017, from 11:15 - 11:35 a.m. be preserved.

21.

JOSEPH SAVOY suffered from a re-injury of his left shoulder, which caused multiple pinched nerves, and multiple pinched nerves in his head and bac, as well s, from dizziness and weakness and blurry vision from the head injuries and aggravation of his pre-existing injuries.

22.

The Constitution, statutes, rules and regulations enacted to protect inmates were disregarded.

23.

La. R.S. 15:829, which allows the Secretary of the Louisiana Department of Public Safety and Corrections to enact rules and regulations governing inmates and guards, provides that corporal punishment of inmates is forbidden. See also, LAC 22:3309 (B) and see Department Regulation No. c-02-006 (6)(b)(c)(d).

> A. The secretary of the Department of Public safety and Corrections shall prescribe rules and regulations for the maintenance of good order and discipline for inmates sentenced to the legal custody of the department whether housed in local or state facilities, which rules and regulations shall include procedures for dealing with violations thereof. A copy of such rules and regulations shall be furnished each inmate. **Corporal punishment is prohibited.**

24.

Violation of a state statute evidences unreasonable conduct.

25.

Beating an inmate who is in restraints, injured and on the floor begging for mercy is per se unreasonable behavior.

26.

In the alternative, these guards have similarly attacked other inmates.

27.

In the alternative, whether the guards may have committed the same acts on other inmates is unknown at this time, but where same may be shown, or where ratification of the actions of guards may be shown, or violation of or failure to implement any applicable policies or procedures, there may be other persons at fault where same constitutes a deliberate indifference to the constitutional rights of a detainee. All rights are reserved herein to name additional defendants pending discovery.

28.

It was unreasonable for Defendant(s) to use force on Plaintiff when he was not resisting and when he was no longer resisting or attempting to flee or, otherwise, commit any crime.

29.

Use of force was unnecessary and excessive to any need and/or there was no need for use of force under the 4th and 8th Amendments and the circumstances presented.

30.

Whether there was other policy and practice in place at the DCI pertaining to the use of force, which policy was violated and which caused or contributed to the injuries, is unknown at this time.

31.

One or more of the Defendants acted in a manner that was in wanton or reckless disregard or with malice or willfulness to cause injury and violate constitutional rights.

32.

Violating numerous inmates rights and failure to follow rules and regulations implemented for the protection of inmates constitutes deliberate indifference.

33.

In the alternative, whether the guards may have committed the same acts on other inmates is unknown at this time, but where same may be shown, or where ratification of the actions of guards may be shown, or violation of or failure to implement any applicable policies or procedures, there may be other persons at fault where same constitutes a deliberate indifference to the constitutional rights of a detainee, same would evidence a callous indifference and repeated actions warranting punitive damages. All rights are reserved herein to name additional defendants pending discovery.

34.

The following claims for relief are pled collectively and in the alternative.

35.

**INJURIES**

The Plaintiff suffered acute injury and multiple serious and prolonged injury which include but are not limited to his arm and shoulder discomfort, humiliation, pain and suffering, mental and emotional injury, medical and pharmaceutical expenses, and lost wages.

36.

**FIRST CLAIM FOR RELIEF**

SECTION 1983 VIOLATION OF CIVIL RIGHTS

Plaintiff seeks relief pursuant to 42 U.S.C. § 1983.

Under the color of State and local law, Defendants violated the Plaintiff's 8th Amendment right to be free from use of corporal punishment, unnecessary and/or excessive force while being seized and/or detained by the Defendants.

37.

Under the color of State and local law, Defendants retaliated against JOSEPH SAVOY: 1) the Plaintiff exercised 1st and 14th Amendment right to file an ARP and to assist

in the prosecution of persons who have violated their 8th Amendment Rights or otherwise violated law; 2) Defendants anger over the Plaintiff having exercised his constitutionally protected rights; 3) Defendants assaulted the Plaintiff shortly after expressing such anger; (4) JOSEPH SAVOY suffered personal injury.

38.

Guards are prohibited by state law from using corporal punishment on prisoners. La. R.S. 15:829.

39.

Use of corporal punishment was prohibited and/or force was unnecessary and/or excessive to any need and/or there was no need for use of force under the 4th or 8th Amendment and the circumstances presented.

40.

The guards violated multiple state laws and rules and regulations.

41.

The conduct of the Defendants was extreme and outrageous.

42.

Defendants acted in a manner that was in wanton or reckless disregard or with malice or willfulness to cause injury and violate constitutional rights.

43.

**CLAIM FOR RELIEF COSTS AND ATTORNEY FEES**

Plaintiff seeks relief in the form of attorney's fees and cost pursuant to 42 USC § 1988 and punitive damages pursuant to 28 USC § 1983.

44.

**SECOND CLAIM FOR RELIEF**

**NEGLIGENCE**

In the alternative, the DEFENDANTS knew or should have known that the physical

contact they had with the Plaintiff could cause and/or lead to serious personal injury. DEFENDANTS had a duty protect JOSEPH SAVOY from harm, which duty was breached.

45.

## REQUEST FOR JURY TRIAL

Plaintiff prays for a jury trial on all issues.

Wherefore, Plaintiff prays that the Defendants be cited to appear and answer and that after resolution of this matter that this Honorable Court enter Judgment in favor of the Plaintiff against the defendants with legal interest from the date of demand as follows:

a.    Physical pain and suffering;

b.    Property damage and loss;

c.    Physical injuries;

d.    For emotional and mental distress, pain and suffering, humiliation, embarrassment;

e.    Medical, hospital and pharmaceutical bills and liens and services past, present, and future;

f.    inconvenience;

g.    Lost wages;

h.    All litigation expenses;

I.    For attorneys fees and for costs as may be allowable by law; and

j.    For such other relief that the Court may deem just, equitable, or proper.

Respectfully submitted:

s/ Donna U. Grodner
Donna U. Grodner (20840)
GRODNER & ASSOCIATES
2223 Quail Run, B-1
Baton Rouge, Louisiana 70808
(225) 769-1919 FAX (225) 769-1997
dgrodner@grodnerlaw.com