# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| JOSEPH SAVOY | CIVIL ACTION |
| VERSUS | |
| LT. COL. DOUGLAS STROUGHTER, ET AL. | NO. 18-463-BAJ-RLB |

## ORDER

Before the Court is Plaintiff's Motion to Compel Discovery. (R. Doc. 22). The motion is opposed. (R. Doc. 23). Plaintiff filed a reply. (R. Doc. 26).

Also before the Court is Plaintiff's Motion for Leave to Submit the Final Expert Report of Dr. George Smith After the Expert Deadline. (R. Doc. 27). The deadline for filing an opposition has not expired. LR 7(f).

I.  **Background**

On April 13, 2018, Joseph Savoy commenced this civil rights action alleging that on July 31, 2017, while incarcerated in the Dixon Correctional Institute ("DCI"), he was attacked while in his wheelchair by Lt. Col. Douglas Stroughter and Sgt. Haver Durr (collectively, "Defendants"). (R. Doc. 1 at 2-4). Mr. Savoy alleged that as a result of the attack he suffered multiple pinched nerves and dizziness, weakness, and blurry vision from head injuries and aggravation of his pre-existing injuries. (R. Doc. 1 at 5).

Mr. Savoy died on December 3, 2018, and was survived by his mother, Theresa Savoie, who has been substituted as the Plaintiff in this action. (R. Docs. 18, 19). There is no dispute that Mr. Savoy was incarcerated in the Elayn Hunt Correctional Center ("EHCC") at the time of his death.

Plaintiff served four sets of written discovery on Defendants. (R. Docs. 22-4, 22-6, 22-7, 22-10). Plaintiff represents that after the filing of the instant motion, Defendants provided complete responses to the second and fourth sets of written discovery. (R. Doc. 26 at 1-2).

The sole discovery requests that remain at issue are Request for Production No. 12 of the first set of written discovery (which seeks complete certified medical records including Mr. Savoy's autopsy report), and Interrogatory No. 1 and Request for Production No. 1 of the third set of written discovery (which respectively seek the identify of all inmates on Fox 5-A-Tier at EHCC on December 3, 2018 and production of all camera footage from Fox 5-A-Tier at EHCC on December 3, 2018. (R. Doc. 22-1 at 1-4; R. Doc. 26 at 1-2). In opposing the instant motion, Defendants argue that the information sought is irrelevant because there is "no logical nexus" linking Mr. Savoy's death to the allegations in the Complaint, which has not been amended to include any allegations with respect to Mr. Savoy's death. (R. Doc. 23).

## II. Law and Analysis

"Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1). The court must limit the frequency or extent of discovery if it determines that: "(i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking

discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1)." Fed. R. Civ. P. 26(b)(2)(C).

Having considered the record and the arguments of the parties, the Court will order Defendants to produce a complete and final autopsy report pertaining to Mr. Savoy, as well as any other withheld medical records, as such documents fall within the scope of discovery and the record indicates that defendants did not object to Request for Production No. 12 of Plaintiff's first set of written discovery. Defendants must also file these documents into the record under seal for the Court's review. The Court also recognizes that there is no dispute that the death of the Plaintiff occurred at a different facility approximately 16 months after the events complained of in this litigation. Given that the record before the Court does not provide the circumstances surrounding the cause and circumstances of Mr. Savoy's death, the Court will not require Defendants to produce, at this time, the inmate lists and camera footage sought. After the production of the autopsy report and any other withheld medical records, Plaintiff may renew her motion to compel with respect to the inmate lists and camera footage if warranted.

Plaintiff is also seeking an extension of the October 31, 2019 expert report deadline on the basis that one of her experts cannot complete his report without review of Mr. Savoy's complete medical records. (R. Doc. 27). Given the instant ruling, the Court finds good cause to require Defendants to file any opposition to this motion on an expedited basis.

### III. Conclusion

Based on the foregoing,

**IT IS ORDERED** that Plaintiff's Motion to Compel Discovery (R. Doc. 22) is **GRANTED IN PART and DENIED IN PART**. Within **7 days** of the filing of this Order,

Defendants must produce to Plaintiff all medical records, including a complete autopsy report, responsive to Request for Production No. 12 of Plaintiff's first set of discovery. In addition to providing them to Plaintiff's counsel, Defendants must also file this production into the record under seal. Plaintiff may renew her motion to compel, if warranted, within **14 days** of the filing of the aforementioned records and after an additional Rule 37 conference.

**IT IS FURTHER ORDERED** that Defendants must file any opposition to Plaintiff's Motion for Leave to Submit the Final Expert Report of Dr. George Smith After the Expert Deadline (R. Doc. 27) within **7 days** of the filing of this Order. Defendants shall notify the Court immediately, in writing, if their opposition is withdrawn in light of this Order.

Signed in Baton Rouge, Louisiana, on October 31, 2019.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**