# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

JOSEPH SAVOY

VERSUS

LT. COL. DOUGLAS STROUGHTER,
ET AL.

CIVIL ACTION

NO. 18-463-BAJ-RLB

## ORDER

Before the Court is Plaintiff's Motion for Leave to Submit the Final Expert Report of Dr. George Smith After the Expert Deadline. (R. Doc. 27). The motion is opposed. (R. Doc. 31).

Also before the Court is Defendants' Motion for Leave to File Complete Autopsy Report Under Seal. (R. Doc. 29) (filed under seal).

On April 13, 2018, Joseph Savoy commenced this civil rights action alleging that on July 31, 2017, while incarcerated in the Dixon Correctional Institute ("DCI"), he was attacked while in his wheelchair by Lt. Col. Douglas Stroughter and Sgt. Haver Durr (collectively, "Defendants"). (R. Doc. 1 at 2-4). Mr. Savoy alleged that as a result of the attack he suffered multiple pinched nerves and dizziness, weakness, and blurry vision from head injuries and aggravation of his pre-existing injuries. (R. Doc. 1 at 5).

Mr. Savoy died on December 3, 2018, and was survived by his mother, Theresa Savoie, who has been substituted as the Plaintiff in this action. (R. Docs. 18, 19). There is no dispute that Mr. Savoy was incarcerated in the Elayn Hunt Correctional Center ("EHCC") at the time of his death.

The Scheduling Order provides, in pertinent part, that Plaintiff must provide expert reports on October 31, 2019, Defendants must provide expert reports on November 29, 2019, and expert discovery must be completed by January 15, 2019. (R. Doc. 17).

On July 23, 2019, Plaintiff filed a motion to compel responses to certain written discovery requests, including the production of complete certified medical records including Mr. Savoy's autopsy report. (R. Doc. 22).

On October 30, 2019, Plaintiff sought an extension of the deadline of the expert report deadline with respect to Dr. George Smith so that he could have the opportunity to consider Mr. Savoy's complete medical records if ordered produced. (R. Doc. 27).

On October 31, 2019, the Court considered the foregoing motion to compel and motion for extension of deadline. (R. Doc. 28). In pertinent part, the Court ordered Defendants to produce to Plaintiff, and file under seal, the complete and final autopsy report, as well as any other withheld medical records, by November 7, 2019. (R. Doc. 28 at 3). The Court also ordered Defendants to file any opposition to Plaintiff's motion pertaining to Dr. Smith's expert report by November 7, 2019. (R. Doc. 28 at 3).

The Court has reviewed the complete autopsy report and medical records to be filed under seal. In opposition to Plaintiff's request for an extension of the deadline for Dr. Smith to provide an expert report, Defendants assert that these documents are irrelevant. (R. Doc. 31).

Rule 16(b)(4) of the Federal Rules of Civil Procedure allows for the modification of a scheduling order deadline upon a showing of good cause and with the judge's consent. The Fifth Circuit has explained that a party is required "to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension." *Marathon Fin. Ins. Inc., RRG v. Ford Motor Co.*, 591 F.3d 458, 470 (5th Cir. 2009) (quoting *S&W Enters., LLC v. Southtrust Bank of Ala., NA*, 315 F.3d 533, 535 (5th Cir. 2003)). The Court considers four factors in determining whether to allow a party to submit an expert report beyond the deadline set in the court's scheduling order: "(1) the explanation for the failure to submit a complete report on time;

(2) the importance of the testimony; (3) potential prejudice in allowing the testimony; and (4) the availability of a continuance to cure such prejudice." *Reliance Ins. Co. v. Louisiana Land & Expl. Co.*, 110 F.3d 253, 258 (5th Cir. 1997) (citing *Geiserman v. MacDonald,* 893 F.2d 787, 791 (5th Cir. 1990)).

Having reviewed the record, the Court finds good cause to extend the deadline for Dr. Smith to provide an expert report in light of the recent production of Mr. Savoy's complete autopsy report and medical records. The Court is award that there is no dispute that Mr. Savoy's death occurred at a different facility approximately 16 months after the events complained of in this litigation. That said, the Court is not in a position to determine whether Mr. Savoy's death bears any causal relation to the injuries alleged in the Complaint. Plaintiff has provided a satisfactory explanation for the requested extension, and there is no dispute regarding the importance of Dr. Smith's testimony. Furthermore, there will be no prejudice by allowing this extension because Defendants will be provided a corresponding extension to address Dr. Smith's expert report.

### III. Conclusion

Based on the foregoing,

**IT IS ORDERED** that Defendants' Motion for Leave to File Complete Autopsy Report Under Seal. (R. Doc. 29) is **GRANTED**. The Clerk's Office shall file the Complete Autopsy Report (R. Doc. 29-4) under seal.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Leave to Submit the Final Expert Report of Dr. George Smith After the Expert Deadline (R. Doc. 27) is **GRANTED**. Plaintiff shall provide any expert report by Dr. George Smith on or before **November 29, 2019.** Defendants shall provide any expert report in response to Dr. George Smith's report on or before

**January 3, 2020**.  The deadline to complete depositions with respect to the foregoing experts is extended to **February 7, 2020**.  All other deadlines, including all deadlines pertaining to other experts unrelated to this order, remain unchanged.

Signed in Baton Rouge, Louisiana, on November 14, 2019.

　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　
　　　　　　　　　　　　　　　　　　　　**RICHARD L. BOURGEOIS, JR.**
　　　　　　　　　　　　　　　　　　　　**UNITED STATES MAGISTRATE JUDGE**