UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**JOSEPH SAVOY**                                                                    **CIVIL ACTION**

**VERSUS**                                                                           **NO. 18-463-BAJ-SDJ**

**LT. COL. DOUGLAS
STROUGHTER, et al.**

## ORDER

Before the Court is Plaintiff's Motion to Compel (R. Doc. 35), filed on February 17, 2020. Defendants responded on March 9, 2020, by filing a Memorandum in Opposition. (R. Doc. 37). Two months later, Plaintiff filed a Reply Memorandum (R. Doc. 53), addressing the representations made by Defendants. For the reasons given below, Plaintiff's Motion to Compel (R. Doc. 35) is **DENIED**.

### A.   Background

In this lawsuit, Plaintiff claims he was attacked by 2 prison guards while incarcerated at Dixon Correctional Institute on July 31, 2017. (R. Doc. 1). Based on deadlines proposed by the parties, the Court entered a Scheduling Order on September 10, 2018, requiring the parties to complete fact discovery and file any related motions by July 31, 2019. (R. Doc. 17).

Plaintiff propounded his first set of discovery requests, at issue here, on August 30, 2018. (R. Doc. 35 at 1). On April 10, 2019, in its supplemental Response to Request for Production No. 21, Defendant produced the surveillance video of the July 31, 2017 incident, which was broken into 9 clips. (R. Doc. 35 at 2). According to Plaintiff, the "video was immediately reviewed." (R. Doc. 35 at 2). Nonetheless, Plaintiff claims it was not until February 11, 2020, when his attorney

"began writing out the exact timeline of events on the video, [that] Plaintiff noticed there w[ere] minutes missing from the end of two of the video clips." (R. Doc. 35 at 2).[1] On February 17, 2020 — over 6 months after the close of discovery and more than 10 months after the video was produced — Plaintiff filed this Motion to Compel (R. Doc. 35), seeking production of "the entire video." (R. Doc. 35 at 3).

### B. Plaintiff's Motion to Compel is Untimely

Local Rule 26(d)(1) makes clear that: "Absent exceptional circumstances, no motions [to compel] . . . shall be filed after the expiration of the discovery deadline, unless they are filed within seven days after the discovery deadline and pertain to conduct during the final seven days of discovery." Here, the deadline for completing fact discovery expired on July 31, 2019. (R. Doc. 17). Plaintiff filed his Motion to Compel on February 17, 2020 — over 6 months after the close of discovery. What's more, the video at issue was produced on April 10, 2019 — more than 2 months before the discovery deadline. The exception outlined in Local Rule 26(d)(1) therefore does not apply, and Plaintiff must show that "exceptional circumstances" warrant his untimely filing. Critically, Plaintiff's Motion fails to even acknowledge its untimeliness.

Without addressing the issue, Plaintiff has made no effort to show "exceptional circumstances," and his Motion to Compel must be denied as untimely. *See Bryant v. State Farm Mut. Auto. Ins. Co.*, 2018 WL 3869981, at *1 (M.D. La. Aug. 14, 2018) (denying untimely filed motion to compel an independent medical examination and holding: "Having found no exceptional circumstances to order an untimely Rule 35 examination based on the assertions in the instant motion, the Court will deny the instant motion as untimely."); *Rollins v. St. Jude Med., Inc.*, 2010

---

[1] "Specifically, video [clip] #5 ends at 32:59 then video [clip] #6 starts at 33:20, there is 21 seconds of missing video. Then, video [clip] #6 ends at 34:38 and video [clip] #7 starts at 35:57, there is over a minute of missing video." (R. Doc. 35 at 2).

WL 1751822, at *3 (W.D. La. Apr. 28, 2010) (motion to compel struck as untimely, in part, because plaintiff did not "provide the court with an explanation for the delay in her memorandum in support of her own motion to compel"); *Days Inn Worldwide, Inc. v. Sonia Investments*, 237 F.R.D. 395, 396-99 (N.D. Tex. 2006) (motion to compel was untimely filed two weeks after the discovery deadline; motion should have been filed within discovery deadline); *Wells v. Sears Roebuck and Co.*, 203 F.R.D. 240, 241 (S.D. Miss. 2001) ("[I]f the conduct of a respondent to discovery necessitates a motion to compel, the requester of the discovery must protect himself by timely proceeding with the motion to compel. If he fails to do so, he acts at his own peril.").

While Plaintiff makes no effort to show exceptional circumstances, he does claim that his attorney only noticed the missing portions of the video on February 11, 2020 — just 6 days before his February 17, 2020 Motion to Compel. But even if Plaintiff had pointed to his lawyer's February 11, 2020 realization to establish exceptional circumstances, the Court would still find his Motion untimely. Rather than excuse Plaintiff's untimeliness, his lawyer's late realization simply demonstrates a lack of diligence in discovery.

Plaintiff received the video on April 10, 2019. (R. Doc. 35 at 2). And while Plaintiff claims the "video was immediately reviewed," a thorough review was clearly not conducted until his attorney began making a timeline of the video on February 11, 2020 — 10 months after it was produced and 6 months after the close of discovery. (R. Doc. 35 at 2).

Plaintiff's failure to sufficiently review the video for 10 months precludes any finding of "exceptional circumstances" that might warrant consideration of his untimely Motion.[2] *See Ginett*

---

[2] It is worth noting that on July 23, 2019, Plaintiff timely filed a Motion to Compel in connection with Defendants' responses to his 4 sets of written discovery requests. (R. Doc. 22). The video at issue here was produced in response to Plaintiff's first set of discovery requests. Plaintiff states that his attorney reviewed the video in April of 2019. He therefore had an opportunity to request its complete production in his July 23, 2019 Motion to Compel (R. Doc. 22). *See Ginett v. Fed. Express Corp.*, 166 F.3d 1213, at *5 (6th Cir. 1998) ("[B]ecause Ginett was aware of the Summary in March 1996 and therefore had an opportunity to move to compel its production in his [previous] motion of October 18, 1996, we cannot conclude that he was prejudiced by the district court's denial of his untimely request.").

*v. Federal Express Corp.*, 166 F.3d 1213, at *5 (6th Cir. 1998) (district court properly denied motion to compel filed two months after the discovery deadline where plaintiff knew of the document at issue 7 months before the discovery deadline); *Tim W. Koerner & Associates, Inc. v. Aspen Labs, Inc.*, 492 F. Supp. 294, 297-98 (S.D. Tex. 1980) (plaintiff's conduct was "inexcusably dilatory" where it waited 9 months after receiving allegedly deficient responses to file its motion to compel); *Days Inn Worldwide, Inc. v. Sonia Investments*, 237 F.R.D. 395, 399 (N.D. Tex. 2006) (denying motion to compel filed 2 weeks after discovery deadline and where documents at issue were produced 9 months before the motion to compel); *Wells v. Sears Roebuck & Co.*, 203 F.R.D. 240, 241 (S.D. Miss. 2001) ("Here, Plaintiff timely propounded interrogatories and requests for production to Defendant on April 10, 2001. However, Plaintiff did not file his motion to compel until September 17, 2001. This length of delay is not acceptable."); *Mash Enterprises, Inc. v. Prolease Atlantic Corp.*, 2003 WL 251944, at *3 (E.D. Pa. Jan. 31, 2003) (denying plaintiff's untimely motion to compel filed "approximately two months after the close of discovery and nearly six months after receiving Defendants' responsive production" where the "only explanation offered by Plaintiffs' counsel" was that he "inadvertently overlooked" the production).

  Because Plaintiff's failure to thoroughly review the video is the only thing that prevented the timely filing of his Motion to Compel, there are no 'exceptional circumstances' justifying Plaintiff's late filing and it must be denied. *See Suntrust Bank v. Blue Water Fiber, L.P.*, 210 F.R.D. 196, 200-01 (E.D. Mich. 2002) ("In numerous cases, courts have denied tardy discovery motions that were filed after the close of discovery, especially where the moving party had all the information it needed to timely file the discovery motion.").

### C.     The Court Cannot Compel Discovery that Does Not Exist

Even if Plaintiff had timely moved to compel the complete video, his Motion would still be denied. Defendants have made clear that they have produced all of the video footage recorded by the camera system at Dixon Correctional Institute on July 31, 2017.[3] Put simply, "No additional video footage exists." (R. Doc. 37 at 4). They have likewise sufficiently explained the gaps in the video, and nothing in the record sheds doubt on that explanation. (R. Doc. 37 at 3); (R. Doc. 53 at 3).

While the Court understands Plaintiff's frustration, "it cannot compel Defendant[s] to produce [video surveillance] that do[es] not exist." *Butler v. La. Dep't of Pub. Safety & Corr.*, 2014 WL 3867552, at *1 (M.D. La. Aug. 6, 2014); *see also Payne v. Forest River, Inc.*, 2015 WL 1912851, at *4 (M.D. La. Apr. 22, 2015) ("The court cannot order the production of documents that no longer exist or, despite a diligent search, cannot be found in the possession, custody, or control of a party."); *Callais v. United Rentals N. Am., Inc.*, 2018 WL 6517446, at *7 (M.D. La. Dec. 11, 2018) ("Should there be any video recordings, they could be relevant and discoverable, but the Court cannot order the production of something the producing party suggests does not exist."); *Terral v. Ducote*, 2016 WL 5017328, at *2 (W.D. La. Sept. 19, 2016) ("The court cannot order respondents to produce [surveillance footage from within the prison] that does not exist.").

Under these circumstances, courts often find the requesting party is entitled to "confirm[ation]" that the discovery at issue does not exist. *Nguyen v. Louisiana State Bd. of Cosmetology*, 2016 WL 67253, at *2 (M.D. La. Jan. 5, 2016) (court would require plaintiff to

---

[3] In their Opposition, Defendants "acknowledge that . . . there are some portions of the July 31, 2017 video" that are missing, based on the video's time stamp. (R. Doc. 37 at 3). However, they provide 2 affidavits from prison personnel explaining that the prison's recording system was motion-activated, which sometimes caused the video to skip or jump. (R. Doc. 37 at 3). The missing portions therefore resulted from the recording system, and not "anyone tampering" with the video. (R. Doc. 37 at 3). The affiants also confirm that the recording system separated the video into 9 clips when it was downloaded and that "whatever [was] downloaded is what the camera recorded." (R. Doc. 37 at 2). In other words, there is nothing more to produce.

"confirm that the requested information does not exist"); *see also Callais*, 2018 WL 6517446, at *7 (M.D. La. Dec. 11, 2018) ("To satisfy Plaintiff and provide a foundation should any responsive video recordings later be found to exist, the Court will order a qualified representative of United Rentals to provide a sworn certification . . . that no responsive video recordings exist."); *Brookshire v. Jackson Pub. Sch.*, 2015 WL 11018443, at *1 (S.D. Miss. May 8, 2015) ("If the document does not exist, then Defendants are to certify that the document does not exist."); *Beasley v. First American Real Estate Information Services, Inc.*, 2005 WL 1017818, at *4 (N.D. Tex. Apr. 27, 2005) ("[D]efendant is entitled to an unequivocal representation . . . that the documents specified in this request . . . do not exist. . . . [D]efendant will be granted leave to propound an appropriate interrogatory which must be answered by plaintiff under oath.").

Here, Defendants have already met this obligation. In response to Plaintiff's Motion, Defendants submitted sworn affidavits confirming that the surveillance video was produced in full; it was not "altered in any way"; and prison personnel "did not delete [or] . . . remove any footage." (Tate Aff., R. Doc. 37-2 at 3).

Because Defendants have confirmed that nothing more exists to produce, the Court would deny Plaintiff's Motion to Compel even if it were timely. *See Kipp v. Laubach*, 2019 WL 3219801, at *2 (N.D. Tex. July 17, 2019) (Defendant's "sworn declaration" stating that it "does not have responsive documents" was sufficient confirmation); *Evans v. Toyota Motor Corp.*, 2005 WL 8167144, at *1 (S.D. Tex. Feb. 4, 2005) ("[B]ecause Defendants have represented . . . that the documents do not exist, and have provided their explanation as to why, in a written response to a motion signed and submitted to the Court, the Court does not see the additional necessity of requiring . . . an affidavit restating their position.").

**D.     Conclusion**

For the reasons given above, Plaintiff's Motion to Compel (R. Doc. 35) "the entire video" of the July 31, 2017 incident is **DENIED**.

Signed in Baton Rouge, Louisiana, on July 15, 2020.

*Scott Johnson*

**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**