UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

JOSEPH SAVOY                                                              CIVIL ACTION

VERSUS

DOUGLAS STROUGHTER, ET AL.                              NO. 18-00463-BAJ-EWD

RULING AND ORDER

Before the Court is Plaintiff's **Objections to Magistrate Decision (Doc. 112)** denying his Motion to Compel (Doc. 35). Defendants oppose the Motion. (Doc. 113). For the reasons stated below, Plaintiff's Motion is **DENIED**.

I. BACKGROUND

On April 13, 2018, Joseph Savoy[1], at the time an inmate confined to Dixon Correctional Institute ("DCI"), filed this action against Defendants alleging that Defendants used excessive force against him, in violation of his Eighth Amendment right to be free from cruel and unusual punishment under the United States Constitution. (*See* Doc. 1 at pp. 7–8). Savoy additionally alleged that the excessive force used was in retaliation against him for filing an Administrative Remedies Procedure ("ARP") at a previous institution. *See id.* at p. 7. Savoy alleged, in the alternative, negligence under Louisiana state law. *See id.* at pp. 8–9.

The claims arose from an incident that occurred on July 31, 2017, in a hallway of the Dixon Correctional Institution. *See id.* at p. 2. Following a verbal altercation

---

[1] Savoy has since passed away from unrelated causes. (*See* Doc. 34-1).

between Plaintiff and Defendants, Defendants used force against Plaintiff to restrain him. *See id.* at pp. 3–4. In his Complaint, Plaintiff claimed that Defendants attacked him because he had previously filed grievances and a federal lawsuit against various prison guards. *See id.* at p. 3. Defendants, however, deny having knowledge about the prior grievances and lawsuit. (*See* Doc. 39-1 at p. 20). They claim that Plaintiff was restrained because he physically and verbally threatened them and refused to respond to their verbal commands. (*See* Doc. 39-1 at pp. 17–18).

Video footage partially captured the incident. On April 10, 2019, Defendants delivered the video of the July 2017 incident in nine clips. (*See* Doc. 35-1 at p. 2). However, there were gaps in time between some of the clips. *See id.* According to Plaintiff, the "video was immediately reviewed. *See id.* On February 11, 2020, Plaintiff claims that he "began writing out the exact timeline of events on the video," and noticed there were minutes missing from the end of two of the video clips. *See id.* On February 17, 2020, Plaintiff filed a Motion to Compel asserting that Defendants intentionally withheld these sections of the video and sought to compel their delivery. (Doc. 35). The Magistrate Judge denied Plaintiff's Motion to Compel as untimely. (Doc. 68). Plaintiff thereafter filed a Motion for Review and Objections to Magistrate Decision. (Doc. 70). The Court, without ruling on the Motion for Review, granted Defendants' Motion for Summary Judgment. (Doc. 91). Plaintiff thereafter appealed. (Doc. 94). The U.S. Court of Appeals for the Fifth Circuit vacated the Court's summary judgment ruling pending resolution of Plaintiff's Motion for Review. (*See* Doc. 101 at p. 4).

## II. ANALYSIS

Local Rule 26(d)(1) makes clear that: "Absent exceptional circumstances, no motions [to compel] . . . shall be filed after the expiration of the discovery deadline, unless they are filed within seven days after the discovery deadline and pertain to conduct during the final seven days of discovery." Here, as the Magistrate Judge correctly pointed out, the deadline for completing fact discovery expired on July 31, 2019. (Doc. 17). Plaintiff filed his Motion to Compel over six months after the close of fact discovery on February 17, 2020. (Doc. 35). Moreover, Defendants delivered the video to Plaintiff on April 10, 2019, more than 2 months before the discovery deadline. (*See* Doc. 35-1 at p. 1). Plaintiff had ample opportunity to review the video clips and file a motion to compel any missing video segments prior to the close of discovery.

However, Local Rule 26 also allows for untimely motions to be filed when "exceptional circumstances" are shown. Plaintiff avers in his re-urged objection that the Magistrate Judge's "timeliness explanation is hypertechnical and exalts form over substance." (*See* Doc. 112, at p. 3). Plaintiff further argues that "[t]he search for the truth took a back seat to procedural deadlines, when there was ample time to have the facts discovered as [to] what happened to the missing video." *Id.*

This explanation does not rise to the level of "exceptional circumstances." *See Bryant v. State Farm Mut. Auto. Ins. Co.*, 2018 WL 3869981, at *1 (M.D. La. Aug. 14, 2018) (denying untimely filed motion to compel an independent medical examination and holding: "Having found no exceptional circumstances to order an untimely Rule 35 examination based on the assertions in the instant motion, the Court will deny the

3

instant motion as untimely."); *see also Rollins v. St. Jude Med., Inc.*, 2010 WL 1751822, at *3 (W.D. La. Apr. 28, 2010) (motion to compel struck as untimely, in part, because plaintiff did not "provide the court with an explanation for the delay in her memorandum in support of her own motion to compel"); *Days Inn Worldwide, Inc. v. Sonia Investments*, 237 F.R.D. 395, 396–99 (N.D. Tex. 2006) (finding that the motion to compel was untimely filed two weeks after the discovery deadline, and that the motion should have been filed within discovery deadline); *Wells v. Sears Roebuck and Co.*, 203 F.R.D. 240, 241 (S.D. Miss. 2001) ("[I]f the conduct of a respondent to discovery necessitates a motion to compel, the requester of the discovery must protect himself by timely proceeding with the motion to compel. If he fails to do so, he acts at his own peril.").

The Magistrate Judge determined, and the Court agrees, that Plaintiff's failure to sufficiently review the video for 10 months preclude any finding of "exceptional circumstances" that might warrant consideration of his untimely Motion. *See Tim W. Koerner & Associates, Inc. v. Aspen Labs, Inc.*, 492 F. Supp. 294, 297–98 (S.D. Tex. 1980) (plaintiff's conduct was "inexcusably dilatory" where it waited 9 months to file its motion to compel after receiving allegedly deficient responses); *see also Days Inn Worldwide, Inc.*, 237 F.R.D. at 399 (denying motion to compel filed 2 weeks after discovery deadline and where documents at issue were produced 9 months before the motion to compel). As noted, Plaintiff received the video on April 10, 2019 and claims that the "video was immediately reviewed." (*See* Doc. 35 at p. 2). However, Plaintiff fails to explain why it took almost 10 months from the

time the video was received for him to notice any gaps in the video.

### III.  CONCLUSION

Accordingly,

**IT IS ORDERED** that Plaintiff's **Objections To Magistrate Decision** (Doc. 112) is **DENIED**.

A separate judgment shall issue.

Baton Rouge, Louisiana, this 24th day of January, 2023

_____
**JUDGE BRIAN A. JACKSON
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**